CHASEZ, Judge.
This is an action ex delicto instituted by-plaintiff, Leanna Love, against New Amsterdam Casualty Company, defendant.. Defendant is the insurer of Brown’s Velvet Ice Cream, Inc. From a judgment-dismissing her demands, plaintiff appeals. On November 5, 1963, plaintiff purchased! a vanilla ice cream cone from Smith’s Phar *399 macy, a small drugstore in New Orleans. Smith’s Pharmacy purchased the ice cream from Brown’s Velvet Ice Cream, Inc. While eating the ice cream cone, plaintiff hit into a small, hard, black object which appeared to be covered with tiny hairs. She became nauseated and ill and seeks damages on this account.
The record reveals some ambiguities in the testimony. Plaintiff testified that, accompanied by a friend, she went to the drugstore to secure a package of napkins. She stated that she bought the ice cream cone, bit into it, discovered the small, black object and brought it to the attention of the druggist. She contends that immediately after eating the cone she went into a back room of the drugstore and vomited. She went home and continued to be ill and nauseous throughout the night The next day she secured medical attention from Dr. Joseph G. Bergeron.
Dr. Bergeron testified that plaintiff related to him her history of eating the ice cream and her subsequent nausea. He found a moderate ephigastric tenderness in the upper abdomen which was compatible with her complaints. He instituted treatment by prescribing drugs to prevent nausea.
The testimony of the attendants who were working in the drugstore conflicts with plaintiff’s in a slight degree. They said that plaintiff entered the drugstore to see Dr. Genet, who maintained an office in the rear of the store. They stated that plaintiff secured a numbered card which indicated her waiting position. Their testimony substantiates plaintiff’s position insofar as she purchased an ice cream cone and a tiny black object appearing in the ice cream. According to the attendants, plaintiff did not vomit while in the drugstore. One attendant testified that he observed plaintiff while in the back room and she merely secured a drink of water.
The ice cream was in a two-gallon container which was sealed when it was delivered to the drugstore. The container was opened, the top being removed permanently, and the container then placed in an ice cream freezer. Just above the ice cream freezer were shelves and a magazine rack. The ice cream freezer would be opened and the ice cream dispensed by using a scoop. The container that held the ice cream used to fill plaintiff’s cone was half empty at the time of her purchase.
The trial judge stated that the plaintiff had not met the burden of proving Brown’s Velvet Ice Cream, Inc., was negligent in the confecting and manufacturing of the ice cream and also pointed out that the plaintiff’s testimony conflicted with that of the defendant’s three witnesses. The plaintiff argues that the trial judge was manifestly erroneous in holding that the plaintiff had not met the burden of proof. She argues that the case of Le Blanc v. Louisiana Coca Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952) has application and plaintiff has only to show that the ice cream contained a foreign matter and that she sustained injury therefrom to make a prima facie case. She contends then the burden of proof shifts to the defendant. Plaintiff did not plead the doctrine of res ipsa loquitur in her petition or refer to it in her brief but it is clear that she seeks to invoke this doctrine. In the Le Blanc case tire action was for damages sustained when injury was suffered from drinking coca cola out of a bottle in which a deleterious substance was found. The Court of Appeal denied plaintiff recovery on the ground that he had not proved by a preponderance of the evidence that the bottle had not been tampered with since its delivery from the Bottling Company. The Supreme Court reversed and held that there was a presumption that when the plaintiff received a bottle with the cap on it that it had not been tampered with by any person other than the manufacturer. In Morrow v. Bunkie Coca Cola Bottling Company, 84 So.2d 851 (La.App.1956) it was stated:
“ * * * Prior to the Supreme Court decision of the Le Blanc case, in actions predicated on an injury from a foreign *400 or' deleterious substance in a bottled beverage it was incumbent upon a plaintiff to prove not only the source of the bottle, the presence of the substance and injury therefrom, but it was also necessary to show by independent proof that the bottled drink had not been tampered with or improperly handled after it left defendant’s bottler’s possession, and if the evidence failed of proof in this latter respect, the doctrine of res ipsa loquitur could not be invoked.
* % # * - sjc #
“In following the views expressed in Hill v. Louisiana Coca Cola Bottling Co. [La.App., 170 So. 45] and Dye v. American Beverage Co., [La.App., 194 So. 438] supra, the opinion in the Le Blanc case had this to say [221 La. 919, 60 So.2d 874]:
“ ‘In the Dye case it was stated that:’
“ ‘ * * * where the plaintiff shows by a preponderance of evidence that the beverage contained a foreign substance, that he consumed it and suffered injuries as a result, the burden of proof shifts to the defendant to excuse itself from liability by proving to the satisfaction of the court that the foreign matter did not enter the beverage during the bottling or manufacturing process.’
“ ‘The ruling in the Dye case is predicated, of course, on the assumption that the plaintiff has shown that he purchased the beverage in its original container, a capped and airtight bottle for —obviously, without such proof there is no occasion to indulge in any sort of presumption. But, when it is shown that there was nothing unusual about the bottle and that it was in apparent good condition at the time plaintiff uncapped it, it is logical to infer that it had not been mishandled or its contents disturbed after it left the manufacturer’s plant for distribution. Accordingly, when, under such circumstances, plaintiff: proves that the beverage contains unwholesome matter and that he sustained injury from its consumption, he establishes a prima facie case for the assessment of damages.’
“[1] The decision in the Le Blanc case thus has departed from the rule heretofore followed in those decisions which imposed strict conditions precedent upon the plaintiff before the doctrine of res ipsa loquitur could be imposed. * * * ”
Prior to the Le Blanc case, to invoke the doctrine of res ipsa loquitur and establish a prima facie case of negligence when a deleterious substance was found in a capped soft drink bottle, the plaintiff had to prove that the beverage contained a foreign substance, that the foreign substance caused injury and that the bottle had not been tampered with after leaving the bottler’s possession. See 27 T.L.R. 369. The Le Blanc case established a presumption only in the case of a capped or sealed container that the bottle had not been opened or tampered with; thus to make out a prima facie case one only has to prove that there was a foreign substance which caused injury when the foreign substance is in a capped or sealed container. We are of the opinion that this presumption established by the Le Blanc case cannot be applied to the case at bar. The ice cream was not in a sealed container but dispensed from an open container. The container had been opened for some time and was in a freezer which was opened quite frequently to dispense the ice cream. The freezer, as already stated, was below a magazine rack and a group of shelves. It is not inconceivable by any stretch of the imagination that the small, black object could have fallen into the ice cream after it was opened and while it was in the drugstore. Since plaintiff has not proved that the ice cream has not been handled by persons other than the manufacturer but the record clearly indicates to the contrary, she has not made out a prima facie case which would allow her to invoke the doctrine of res ipsa loquitur quoad the *401 manufacturer. She, therefore, bears the burden of proof. We believe, as did the trial judge, that the plaintiff has not borne this burden. Therefore, the judgment is affirmed at plaintiff’s cost
Affirmed.