760 So.2d 605 (2000)
Latrunda Latrice FUGGINS, Plaintiff-Respondent,
v.
BURGER KING, et al., Defendants-Applicants.
No. 33,473-CW.
Court of Appeal of Louisiana, Second Circuit.
May 10, 2000.
*606 John B. Morneau, Vivian, Counsel for Plaintiff-Respondent.
Mayer, Smith & Roberts by Dalton R. Ross, Shreveport, Counsel for Defendants-Applicants, C & L Shreveport, L.L.C. and Liberty Mutual Insurance Company.
Before WILLIAMS, KOSTELKA and DREW, JJ.
WILLIAMS, Judge.
We granted a supervisory writ[1] to review the trial court's denial of a motion for summary judgment filed by the defendants, C & L Shreveport, L.L.C. and its insurer, Liberty Mutual Insurance Company. Finding that the trial court erred in denying the defendant's motion, we make the writ peremptory, reverse the trial court's ruling and dismiss the plaintiff's claim.

FACTS
On November 21, 1996, the plaintiff, Latrunda Latrice Fuggins, a minor,[2] and her family were customers at the Burger King restaurant located at 1733 North Market Street in Shreveport, Louisiana. The plaintiff ate a hamburger that she purchased from the restaurant. According to the plaintiff, after eating the hamburger, she became ill and sought medical treatment. The plaintiff contends the hamburger was tainted, and consequently, she suffered from food poisoning.
The plaintiff filed suit for damages against the defendants.[3] The defendants subsequently filed a motion for summary judgment. The defendants argued that the medical evidence fails to support the plaintiff's claim that she suffered food poisoning and, if the plaintiff indeed contracted food poisoning, the evidence did not support her claim that the food poisoning resulted from the food that she purchased from Burger King. After a hearing, the trial court denied the defendants' motion for summary judgment. The defendants perfected this writ application. Fuggins v. Burger King, 33,473-CW (La.App.2d Cir.12/16/99).

DISCUSSION
The defendants contend that the trial court erred in denying their motion for summary judgment. They argue that the plaintiff's case is based solely on circumstantial evidence and that plaintiff has no medical evidence or other proof of her claims.
Summary judgment procedure is designed to secure the just, speedy and *607 inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. LSA-C.C.P. art. 966. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 C(1). The mover has the burden of establishing the absence of a genuine issue of material fact. However, when a motion for summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleadings, but his responses, through affidavits or otherwise, must set forth evidence demonstrating that there is a genuine issue for trial. LSA-C.C.P. art. 967; Martin v. Stone Container Corp., 31,544 (La.App.2d Cir.2/24/99), 729 So.2d 726. Appellate courts are to conduct a de novo review of the documentation supporting and opposing summary judgment under the same criteria which govern the trial court's determination of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La. App.2d Cir.8/21/96), 679 So.2d 477.
In support of their motion for summary judgment, the defendants presented excerpts from the deposition testimony of Dr. Stephanie Boyd Henson, the physician who attended to the plaintiff at Louisiana State University Medical Center. Dr. Henson was a pediatric intern at the hospital when the plaintiff was admitted. The defendants contend the plaintiff cannot prove that she suffered from food poisoning. They further contend that even if there had been a diagnosis of food poisoning, there was no evidence that plaintiffs illness was caused by the consumption of the hamburger.
According to Dr. Henson, the plaintiff was referred to her for evaluation of appendicitis. She testified that she did not talk to the referring physician regarding the plaintiff's condition, nor did she review the plaintiff's records. Dr. Henson testified that she was unable to determine whether the plaintiff was having an appendicitis attack, and as a result, she consulted a pediatric surgeon who examined the plaintiff and subsequently diagnosed her symptoms as gastroenteritis. Dr. Henson also concluded that the plaintiff suffered from gastroenteritis.[4] Consequently, no further tests were conducted to detect whether food poisoning was the cause of plaintiff's condition.
Dr. Henson testified that, when the plaintiff arrived in the emergency room, the plaintiff reported a history of vomiting and abdominal tenderness. However, the plaintiff did not state that she suffered diarrhea or that she had eaten a hamburger prior to becoming ill. According to Dr. Henson, food poisoning[5] is typically accompanied by diarrhea; however, the absence of diarrhea is not significant in determining whether or not a person has food poisoning. She further testified that, due to individual differences, it would be difficult to identify food poisoning based on the general symptoms typically found in food poisoning patients. Dr. Henson explained that a person who consumes a contaminated substance may possibly regurgitate the substance so quickly after consumption that the only effect would be an upset stomach. She testified that her investigation of the plaintiffs illness was handicapped because of the initial report of possible appendicitis. Dr. Henson concluded *608 that, based on the symptoms presented upon the plaintiff's arrival at the emergency room, she could not give a diagnosis of the plaintiff's condition. She further testified that the plaintiff experienced an upset stomach or gastroenteritis which may have resulted from food poisoning caused by the hamburger; however, she could not make a definitive diagnosis.
Under the provisions of Article 966 of the Louisiana Code of Civil Procedure, the burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
Supporting and opposing affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. When a motion for summary judgment is made and supported in this manner, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in the summary judgment procedure articles, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967; Hayes v. Autin, supra.
In the instant case, the defendants successfully shifted the burden of going forward by showing that the medical evidence was inconclusive concerning whether or not the plaintiff's illness was caused by food poisoning. Furthermore, the movants also called into question whether or not there was any evidence that the plaintiffs condition was caused by any ingredient in the hamburger served at its restaurant.
The plaintiff failed to present any opposing documentation to defeat the defendants' motion for summary judgment. Rather, plaintiff simply relied on oral argument at the hearing in her attempt to avert summary judgment. In sum, plaintiff failed to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof on the issues of causation and liability at trial. Consequently, no genuine issue of material fact exists, and the trial court erred in denying the defendants' motion for summary judgment.

CONCLUSION
For the foregoing reasons, the writ is made peremptory. The trial court's judgment denying the defendants' motion for summary judgment is reversed. Plaintiffs suit is hereby dismissed. Costs of this appeal are assessed to Nazarene Sheppard, on behalf of the minor child, Latrunda Latrice Fuggins.
REVERSED AND RENDERED.
NOTES
[1] We exercise our supervisory jurisdiction under the policy announced in Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
[2] Nazarene Sheppard, the minor child's mother, appears on the child's behalf in the "Petition For Damages."
[3] In her petition for damages, the plaintiff names as defendants, John Doe, unknown manager of the Burger King restaurant located at 1733 North Market Street, C. & L. Shreveport, L.L.C. and Liberty Mutual Insurance Company. The defendants' pleading and the trial court's judgment correctly refer to C & L Shreveport, L.L.C. and Liberty Mutual Insurance Company as defendants.
[4] Dr. Henson explained that gastroenteritis is an irritation or abdominal complaint usually consisting of vomiting and/or diarrhea. She further testified that gastroenteritis stems from both viral and bacterial causes; however, it is more often due to bacterial causes.
[5] Dr. Henson described food poisoning as an infection that results from the intake of some substance that has been contaminated with an organism. It is usually identified by vomiting, diarrhea, abdominal pain, cramping and occasionally with fever. Additionally, there may be abnormal lab results.