MARION F. EDWARDS, Judge.
 

 | ¿Plaintiffs/appellants, Lynne Adams Landreneau (“Ms. Landreneau”) and Raymond L. Landreneau, appeal a summary judgment in favor of defendant/appellee, Copeland’s Cheesecake Bistro, L.L.C. (“Copeland’s”). For the following reasons, we affirm.
 

 Ms. Landreneau, Kimberly McFarland Roberts (“Ms. Roberts”) and Carey William Roberts, Jr. filed suit against Copeland’s, Taco Bell of America Inc. and its insurer, and the “John Doe” operator of a Taco Bell on Williams Boulevard in Jefferson Parish. They alleged that, on Friday, November 4, 2004, four friends ate together at Copeland’s. Ms. Landreneau and Ms. Roberts ordered and ate a spinach salad while the others did not. On Saturday, Ms. Landreneau purchased food from Taco Bell, but could not eat much as she was feeling ill. Later, both Ms. Landre-neau and Ms. Roberts complained of severe abdominal and alimentary tract symptoms, headaches, and muscular weakness. Plaintiffs/appellants alleged that it |3was more probable than not that they suffered food poisoning, food infection, or food intoxication from the Copeland’s food.
 

 Subsequently, in 2007, Ms. Roberts moved to dismiss all demands. Both Taco Bell and Copeland’s moved separately for summary judgment. Ms. Landreneau did not oppose Taco Bell’s motion, which was granted. Following argument of counsel, the trial court determined that Ms. Lan-dreneau had no medical evidence to show there was food poisoning or infection and granted the motion on behalf of Copeland’s.
 

 It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary
 
 *705
 
 judgment is appropriate.
 
 [1]
 
 Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. LSA-C.C.P. art. 966. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(1). The mover has the burden of establishing the absence of a genuine issue of material fact. However, when a motion for summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleadings, but his responses, through affidavits or otherwise, must set forth evidence demonstrating that there is a genuine issue for trial. LSA-C.C.P. art. 967.
 
 [2]
 
 Once the motion for summary judgment has been properly supported by the moving party, the failure of the |4adverse party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 [3]
 

 In her deposition submitted in connection with the motions, Ms. Landreneau stated that the spinach salad did not taste nasty or unusual. She testified that she became queasy on that Friday night, becoming more ill on Saturday, November 6, 2004. She developed severe diarrhea, vomiting, and abdominal cramps. She went to the emergency room at East Jefferson General Hospital that evening and was admitted early the next morning. Ms. Landreneau told the doctor that, two weeks prior to the incident, she and her daughter had a single bout of diarrhea, but, afterwards, she was okay until eating at Copeland’s. She had never had other intestinal problems, although the hospital records indicated she had symptoms for two weeks before admission. Ms. Landre-neau later found out that Ms. Roberts became ill at around the same time. Ms. Landreneau continued to have problems and had another acute intestinal attack in May 2005 and again in June 2006.
 

 Ms. Landreneau’s medical records were attached as part of the deposition. Dr. David Dulitz (“Dr. Dulitz”) consulted with her primary care physician at East Jefferson General Hospital. His report indicated that Ms. Landreneau stated she had suffered loose stools for approximately two to three weeks before being admitted. Dr. Dulitz felt she was suffering from the symptoms “probably” secondary to an infection. She was given antibiotics. Laboratory test reports taken at the hospital showed no salmonella or other related bacteria. Although Ms. Landreneau continued to see Dr. Dulitz when she was released, no medical reports from him were in evidence.
 

 |,-,Copeland’s also introduced an affidavit from Crystal Young, executive kitchen manager at the restaurant during the time in question, who stated that she was not aware of any other claims of food-borne illness made during her employment. A second affidavit from Patricia Amstutz, risk manager at A1 Copeland Investments, Inc., indicated that she was unable to locate any record of other food-borne illness claims in the three months both preceding and following the incident at issue. The
 
 *706
 
 final affidavit was from Barbara Patterson, claims specialist at Liberty Mutual, Copeland’s insurer, who also stated that no other complaints of food-borne illness had been made against the restaurant.
 

 At the hearing on the motions, Ms. Lan-dreneau’s counsel admitted that an expert opinion was necessary and that there was no medical evidence to support or deny the claim of food poisoning. The “major link” was the fact that Ms. Roberts suffered the same symptoms after eating the same meal. Ms. Landreneau requested time to obtain a “proper expert,” not a physician, to testify to the dynamics of food infection and food poisoning.
 

 To meet his or her burden of proof in a food poisoning case, the plaintiff must prove that the deleterious condition existed in the product when it was purchased.
 
 [4]
 
 The plaintiff must further prove the existence of a causal relationship between the illness or injury and the consumption of the food.
 
 [5]
 
 In fulfilling this burden of proof, “it is not necessary for the consumer to negate every conceivable cause but he must show that it is more likely than not that the food’s condition caused the injury of which he complains.”
 
 [6]
 

 “The courts have never compelled a plaintiff to produce an actual analysis of the food consumed in order to | (¡establish its unwholesome condition. Rather, the courts have been willing to infer the deleterious nature of the food consumed from the circumstances surrounding the illness. In all of the cases in which there has been successful recovery, the plaintiff has shown that the food was consumed by him, and that no other food which might reasonably be assumed to have caused the illness had been consumed within a number of hours before or after the consumption of the suspect product. The plaintiff has also had medical opinion to the effect that it was probable that his illness was caused by the consumption of the particular product involved. In addition, the successful plaintiffs in the above cases have been able to show some other independent circumstance, which tends to prove his case....”
 
 [7]
 

 In
 
 Fuggins, supra,
 
 the court found that the defendants successfully shifted the burden of going forward by showing that the medical evidence was inconclusive concerning whether or not the plaintiffs illness was caused by food poisoning. The defendants also called into question whether or not there was any evidence that the plaintiffs condition was caused by any ingredient in the hamburger served at its restaurant. The plaintiff there failed to present any opposing documentation to defeat the defendants’ motion for summary judgment relying on oral argument at the hearing in her attempt to avert summary judgment. The Second Circuit concluded: “In sum, plaintiff failed to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof on the issues of causation and liability at trial. Consequently, no genuine issue of material fact exists....”
 
 [8]
 

 
 *707
 
 Here, there is no diagnosis of food poisoning. The only reference to food-borne bacteria in the medical records presented indicated the absence of salmonella. Ms. Landreneau admitted that her meal did not appear or taste unusual or spoiled. Finally, Ms. Landreneau’s counsel stated to the court that she did not |7have, nor would she seek, medical evidence, but, rather, the opinion of a non-medical expert on food infection and food poisoning. She relied on the concurrent illness of Ms. Roberts who ate the same salad at the same time. This is insufficient to carry the burden of proof necessary to defeat a Motion for Summary Judgment.
 

 For the foregoing reasons, the judgment is affirmed. Plaintiffs/appellants are assessed all costs of this appeal.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Smith v. Our Lady of the Lake Hosp.,
 
 93-2512 (La.7/5/94), 639 So.2d 730.
 

 [2]
 

 .
 
 Fuggins v. Burger King,
 
 33,473 (La.App. 2 Cir.5/10/00), 760 So.2d 605.
 

 [3]
 

 .
 
 Racine v. Moon’s Towing,
 
 01-2837 (La.5/14/02), 817 So.2d 21;
 
 Mack v. Shoney's Inc.,
 
 07-922 (La.App. 5 Cir. 3/11/08) 983 So.2d 114.
 

 [4]
 

 .
 
 Hairston v. Burger King Corp.,
 
 33,587 (La.App. 2 Cir. 6/21/00), 764 So.2d 176.
 

 [5]
 

 .
 
 Id.
 

 [6]
 

 . Griffin v. Schwegmann Bros. Giant Supermarkets, Inc.,
 
 542 So.2d 710, 712 (La.App. 4 Cir. 1989);
 
 See also, Foster v. AFC Enter., Inc.,
 
 2004-1014 (La.App. 3 Cir. 3/2/05), 896 So.2d 293,
 
 writ denied,
 
 2005-0839 (La.5/13/05) 902 So.2d 1027.
 

 [7]
 

 .
 
 Foster,
 
 896 So.2d at 296 (citing
 
 Lee v. Church's Fried Chicken,
 
 396 So.2d 374, 375 (La.App. 3 Cir. 1981)).
 

 [8]
 

 .
 
 Fuggins, 760
 
 So.2d at 608.