CLARENCE E. McMANUS, Judge.
 

 |2This is an appeal by plaintiff from the trial court’s granting of summary judgment in favor of defendants, dismissing all claims. For the following reasons, we affirm the trial court’s judgment.
 

 STATEMENT OF THE CASE
 

 On August 27, 2006, Evelyn Crosby, plaintiff, purchased two packages of egg rolls from the Wal-Mart store in Marrero, Louisiana. She cooked the egg rolls when she arrived home and ate them around 3 p.m. She began experiencing nausea, vomiting, diarrhea, and cramps around 11 p.m., after she went to bed. She experienced these symptoms all night. The next morning she awoke to severe and intensive pain. She called 911 and was taken by ambulance to West Jefferson Medical Center. Dr. Sandra Spedale treated Crosby in the emergency room for gastritis and dehydration. Crosby was hospitalized for three days.
 

 On May 24, 2007, Crosby filed a petition for damages against Wal-Mart, Van Oriental Foods, the manufacturer of the egg rolls, and Travelers Insurance, as the insured for both Wal-Mart and Van Oriental. The plaintiff claimed she ^suffered damages as a result of eating contaminated food and suffering food poisoning.
 

 On May 11, 2010, defendants filed a motion for summary judgment, which was heard by the trial court on July 30, 2010. The trial court granted the motion in open court stating that the court sympathized with what the plaintiff suffered, but it’s the plaintiffs burden to establish essential elements of the case and the plaintiff will not be able to that. Plaintiff now appeals this judgment arguing that she has proven a prima facie case and there are genuine issues of material fact, therefore, summary judgment was not appropriate. For the reasons which follow, we affirm the trial court’s granting of summary judgment.
 

 DISCUSSION
 

 This is an appeal from the granting of a summary judgment in favor of defendants. It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate.
 
 Landreneau v. Copeland’s Cheesecake Bistro, L.L.C.,
 
 08-647 (La.App. 5 Cir. 1/13/09), 7 So.3d 703. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. LSA-C.C.P. art. 966;
 
 Id.
 
 A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(1);
 
 Id.
 
 The mover has the burden of establishing the absence of a genuine issue of material fact. However, when a motion for summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his Lpleadings, but his responses, through affidavits or otherwise, must set forth evidence demonstrating that there is a genuine issue for trial. LSA-C.C.P. art. 967;
 
 Id.
 
 Once the motion for summary judg
 
 *697
 
 ment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Landreneau, supra.
 

 To meet his or her burden of proof in a food poisoning case, the plaintiff must prove that the deleterious condition existed in the product when it was purchased.
 
 Landreneau, supra.
 
 The plaintiff must further prove the existence of a causal relationship between the illness or injury and the consumption of the food.
 
 Id.
 
 In fulfilling this burden of proof, “it is not necessary for the consumer to negate every conceivable cause but he must show that it is more likely than not that the food’s condition caused the injury of which he complains.”
 
 Id.
 

 According to her affidavit, Crosby claimed the only food she consumed on the day she became ill were the egg rolls she purchased from Wal-Mart. She stated in her affidavit that she consumed the egg rolls around 3 p.m. and became ill with nausea, vomiting, diarrhea, and cramps around 11 p.m. She reported to the emergency room of West Jefferson Medical Center the next day and was treated by Dr. Sandra Spedale.
 

 Dr. Spedale’s report, dated June 20, 2006, indicates that she diagnosed Crosby with acute gastritis with diarrhea, nausea, and vomiting. Dr. Spedale stated in her report that Crosby had possible food poisoning. A discharge summary was then completed by Dr. Spedale on June 23, 2006 which indicated that tests for shigella, salmonella, vibrio and e-coli were all negative.
 

 Dr. Spedale testified by deposition and when asked if she could say to a reasonable medical certainty or more probably than not that the Crosby’s illness was caused by food poisoning, Dr. Spedale answered “No, I don’t think I can.” | sDr. Spedale explained that Crosby was diagnosed with gastritis, which is basically a description of the symptoms she suffered, which could have been caused by exposure to a virus or from exposure to a toxin in food.
 

 Based on Dr. Spedale’s testimony, we find the trial court correctly found that Crosby could not meet her burden of proving her illness was caused by food poisoning from the consumption of the egg rolls purchased at Wal-Mart. Accordingly, we find the trial court correctly granted summary judgment in favor of defendants and correctly dismissed all claims against defendants.
 

 AFFIRMED