MOORE, J.
| jElton Simmons appeals a summary judgment that dismissed his tort claim against Brookshire Grocery Company, d/b/a Brookshire’s Food and Pharmacy, arising from an allegedly tainted Del Monte fruit cup he bought there. The district court found Simmons presented no summary judgment evidence that Brook-shire’s prepared, processed or manufactured the fruit cup. On de novo review, we affirm.
Simmons alleged that on Friday, February 15, 2013, he went to the Brookshire’s on North Market Street in Shreveport and bought four packages of Del Monte “Peaches in Peach” fruit cups. Each package consisted of four clear-plastic cups with clear-plastic peel-off lids, stacked top-to-top, and held together in a cardboard wrapper that covered most of the product but allowed a view of a portion of each plastic cup. He ate one of the cups around 10:00 p.m. that night, went to bed, and started feeling sick around 3:30 a.m. He got up and ate another cup, “to settle my stomach,” but noticed it tasted slightly different from the first: he thought it was .just a peach hull. Around 7:00 a.m. he opened the remaining cups and then, for the first time, noticed a small patch of mold around the rim of the cup. He took pictures of the cups, returned them to Brookshire’s and got a refund. However, later that day he started having cramps and nausea, then vomiting, and then constipation. On Monday, February 18, he went to David Raines Community Health Center, and testified that he received medicine for food poisoning.
*655 Simmons filed this suit in February 2014, alleging that Brookshire’s was negligent for (1) selling a product that was unfit for. consumption, (2) |2failing to ensure that all food products were fit for their intended purpose, (3) failing to take necessary precautions to prevent the sale- of. dangerous products, and (4) other acts of negligence.
After filing general denials and requesting a jury trial, Brookshire’s filed, in April 2015, the instant’ motion for summary judgment. In support it attached Simmons’s deposition, in which he set out the facts summarized above. Early in the deposition, he said he ate the first two fruit cups in pitch darkness, and did not see any mold in them, but he still thought it had been there. Later, hé said there was no mold in the two he ate. He also admitted that his snapshot shows mold in one spot, not throughout the cup; the packaging looked okay; and he had no idea if anyone at Brookshire’s knew about this before he reported' it. Brookshire’s argued that under Ard v. Kraft Inc., 540 So.2d 1172 (La.App. 1 Cir.), writ denied, 542 So.2d 515 (1989), and Lewis v. Albertson’s Inc., 41,234 (La.App. 2 Cir. 6/28/06), 935 So.2d 771, writ denied, 2006-1943 (La.11/9/06), 941 So.2d 42, a plaintiff must show, against a grocery store owner, as distinguished from a, manufacturer, that the store took part in the preparation, processing or manufacturing of the product, or subjected the product to improper care. Brook-shire’s urged that Simmons had not produced any factual support for this requirement.
Simmons opposed the motion, attaching the same deposition, as well as copies of medical records from David Raines showing a diagnosis .of hypertension and food poisoning. He argued that in a “deleterious food condition” case, all he was required to show was that the deleterious condition existed.in the product when it was purchased and that a causal |srelatipn existed between the injury and the. consumption of the food, more likely than not. Crosby v. Wal-Mart Stores Inc., 10-1015 (La.App. 5 Cir. 6/14/11), 67 So.3d 695; Landreneau v. Copeland’s Cheese Cake Bistro LLC, 08-647 (La.App. 5 Cir. 1/13/09), 7 So.3d 703. He argued that had Brookshire’s employees more closely inspected the. clear cups, they would have seen the mold and not sold the product.
Brookshire’s conceded the general rule of deleterious condition cases stated in Crosby and Landreneau, supra, and ultimately derived from the seminal case of Le Blanc v. Louisiana Coca Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952), but argued that it applied only to manufacturers of foodstuffs, not to non-manufacturing sellers. It reiterated that against a mere seller, the plaintiff must prove that the seller took part in the preparation, processing or manufacturing of the product, or subjected the product to improper care. Ard v. Kraft Inc., supra. It urged that Simmons had produced no evidence to satisfy this burden.
After a hearing in June 2015, the district court agreed with Brookshire’s and granted summary judgment dismissing the claim.
Simmons has appealed, raising one. assignment of error: the court erred in treating the claim as a manufacturer’s defect instead of a deleterious food condition case. He reiterates that the “only factors” a plaintiff need show in such a case are that the deleterious condition existed in the product when it was purchased and a causal relation between the injury and the consumption of the food, more likely than not. Hairston v. Burger King Corp., 33,587 (La.App. 2 Cir. 6/21/00), 764 So.2d 176; Griffin v. Schwegmann Bros. Giant Supermkts, Inc., 542 So.2d 710 (La.App. 4 *656 Cir.1989). He closely parses his deposition testimony to show that the mold was indeed there when he' bought the Del Monte fruit cups, the causal relation existed, and it was more likely than not'that eating the product caused his illness. He also submits that had Brookshire’s employees inspected their products more closely, they would have seen the mold on the product through the clear packaging. • He concludes that the judgment should be reversed and the matter remanded for further proceedings.
The applicable law- is as stated by Brookshire’s. In Le Blanc v. La. Coca Cola Bottling Co., supra at 924, 60 So.2d at 874, the court stated:
[W]hen it is shown that there was nothing unusual about the bottle and that it was in apparent good condition at the time plaintiff uncapped it, it is logical to infer that it had not been mishandled or its contents disturbed after it left the manufacturer’s plant for distribution. Accordingly, when, under such circumstances, plaintiff proves that the beverage contains unwholesome matter and that he sustained injury from its consumption, he establishes a prima fa-cie case for the assessment of damages.
- From this seminal case, the courts have extracted the general rule that to establish liability for the consumption of deleterious food the plaintiff must prove the product was in a deleterious condition when purchased and caused his illness. See, e.g., Hairston v. Burger King Corp., supra, and citations therein. Simultaneously, however, the courts have also utilized the special rule when the seller is not the manufacturer of the food. In Ard v. Kraft Inc., supra at 1177, the court held (internal cites omitted): '
A plaintiff cannot recover for damages against a grocery store owner in the absence of proof that the store took part in the preparation, processing or manufacturing of the product sold, or that the store owner subjected the product to improper | scare. Improper care is the essence of negligence. A non-manufacturing seller, such as a grocery store, is not presumed to have knowledge of a defect in a product; presumed knowledge is the essence of strict liability imposed on the manufacturer. A grocery store owner who did not manufacture a defective product is not responsible for injury and damages resulting from such product in the absence of a showing that he knew or should have known that the product was defective. A. grocer can reasonably rely on the assumption that a sealed container of foodstuff, obtained from a reputable dealer was not contaminated.
This holding is consistent with Le Blanc ⅛ inference that packaged food has not been “mishandled or its contents disturbed after it left the manufacturer’s plant for distribution.” As this court has recognized, the rule of Le Blanc applies only against the manufacturer of a food product. Cooper v. Borden Inc., 30,292 (La.App. 2 Cir. 2/25/98), 709 So.2d 878.
On de novo review, wé find that Simmons has failed to offer evidence to create a genuine issue under the applicable law. There is absolutely no evidence that Brookshire’s took part in the preparation, processing or manufacturing of the Del Monte fruit cup consumed by Simmons. Further, there is nothing’but speculation that Brookshire’s mishandled, disturbed or subjected the fruit cup to improper care; Simmons himself testified that the cardboard wrapper and the plastic cups were intact, and no store employee was deposed to show any mishandling. In short, Brookshire’s has shown lack of support for the essential elements of a claim under Le Blanc and Ard, supra, and Simmons has *657 not supplied the evidence that, would create a genuine issue. ■
Finally, Simmons argues that if Brookshire’s employees, had “inspected their products more closely,” they would have seen the mold on | (ithe product through the clear packaging. Although Le Blanc and Ard impose, liability on a grocer only for mishandling, disturbing or subjecting the product to improper care, there is no liability for failure to conduct a “close” inspection. The fruit cups are packaged top-to-top, with the cardboard wrapper covering much of the sides. Simmons’s photographs show a small area of mold near the rim, at the.top of one plastic cup. Any inspection sufficient to discover this would be incredibly intense, requiring the removal of wrappers and close examination under the peel-eff lids. The law does not require this degree of invasive, or destructive, inspection. .
For the reasons expressed, the judgment is affirmed. All costs are to be paid by the plaintiff, Elton Simmons, in accordance with La. C.C.P. art. 5188.
AFFIRMED.