JASON A. JESSIE

VERSUS

THE WENDY'S COMPANY WENDY'S
INTERNATIONAL, INC. & HAZA FOODS OF
LOUISIANA, L.L.C.

NO. 22-CA-156

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 804-994, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

December 07, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Hans J. Liljeberg

**AFFIRMED**
   **SJW**
   **SMC**
   **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JASON A. JESSIE
    David C. Pellegrin, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
HAZA FOODS OF LOUISIANA, L.L.C.
    Dean M. Arruebarrena
    Megan A. Haynes

**WINDHORST, J.**

Appellant/plaintiff, Jason Jessie, seeks review of the trial court's October 27, 2021 judgment granting summary judgment in favor of appellee/defendant, HAZA Foods of Louisiana, L.L.C., dismissing plaintiff's claims against defendant with prejudice. For the following reasons, we affirm.

**PROCEDURAL HISTORY and FACTS**

Plaintiff filed a petition for damages against defendant, alleging he suffered food poisoning after eating a Caesar side salad containing romaine lettuce from a Wendy's restaurant, operated by defendant. He alleged that he purchased the salad from Wendy's on November 21, 2019 and stored it in his refrigerator overnight to eat for lunch at work the next day. The following day, after eating one bite of the salad, he contended that the salad tasted "gritty." He took a second bite which was also gritty and he spit it out. Upon moving the lettuce around, he noticed "dirt" and saw "a bug or two" in the salad. Plaintiff asserted that he became ill the next day as a result of eating the Wendy's side salad.

After filing an answer and sufficient discovery, defendant filed a motion for summary judgment. Defendant contended that plaintiff lacked any medical evidence to prove that his alleged symptoms were caused by consumption of the single bite of the Wendy's side salad. In support of its motion, defendant attached plaintiff's deposition and the deposition of Dr. John Langley.

Plaintiff testified in his deposition that he did not immediately seek medical treatment. His first and only medical treatment occurred six days after consuming the salad when he went to the Ochsner emergency room on November 28, 2019. Jessica Cedotal, a physician's assistant, evaluated him and diagnosed him with gastroenteritis. Plaintiff acknowledged that he does not have any evidence, except his own testimony, to show that his symptoms were caused by consumption of the salad.

Dr. Langley, the supervising physician for Ms. Cedotal on November 28, 2019, testified in his deposition that he agreed with Ms. Cedotal's diagnosis of gastroenteritis. However, he could not associate a "gritty" taste or seeing a bug in the salad with food poisoning. He testified that it was his opinion that plaintiff's treatment and symptoms were not related to his consumption of the salad.

In opposition, plaintiff contended that there is ample evidence for a trier of fact to infer that the Wendy's salad caused his food poisoning. Relying on his deposition testimony that the salad was gritty, dirty, and contained a bug, plaintiff argued that the condition of the salad suggested that it was not sufficiently washed and that negligence of defendant may have played a role in the presence of *E. coli* in the salad. Plaintiff contended that his assertion that food poisoning is the most likely explanation for his symptoms is supported by the affidavit of his expert, Dr. Matthew Lee. Specifically, Dr. Lee stated that the country was in the middle of an *E. coli* outbreak connected to romaine lettuce when plaintiff became ill and that plaintiff's symptoms were consistent with *E. coli* poisoning.

In his opposition, plaintiff objected to the affidavit of defendant's expert, Dr. Langley, arguing that the affidavit was not based on personal knowledge. Plaintiff argued that Dr. Langley was only the supervising physician when he was evaluated and diagnosed with gastroenteritis and he "seemed to have no knowledge of food poisoning." Plaintiff further questioned whether Dr. Langley's testimony was relevant because he did not exam plaintiff and only looked at this case because he was deposed. Plaintiff submitted his deposition and affidavit, the affidavit of his expert, Dr. Lee, defendant's answers to interrogatories, and Dr. Langley's deposition in support of his opposition to the motion for summary judgment.

In reply, defendant emphasized that plaintiff failed to present *any* medical evidence linking *E. coli* to his consumption of the salad. Specifically, defendant asserted that plaintiff did not have any medical evidence or a medical

expert/healthcare provider to support his assertion that his consumption of one bite of the Wendy's side salad caused his alleged food poisoning. Additionally, defendant pointed out that plaintiff did not show that the salad was the only food item he ate on the date of the alleged incident. In his deposition, plaintiff admitted that he consumed other food within the 24 hour period of eating the salad: a coffee and an orange for breakfast, and soup and crackers for dinner on the day of the incident.

Further, in response to plaintiff's assertion that Dr. Langley is *defendant's* expert, defendant responded that Dr. Langley was the supervising physician for Ms. Cedotal, who evaluated and diagnosed plaintiff with gastroenteritis. Dr. Langley reviewed Ms. Cedotal's specific medical diagnostic findings of plaintiff, which was the only medical treatment plaintiff received after his consumption of the salad. After reviewing plaintiff's medical records and symptoms, Dr. Langley did not diagnose plaintiff with *E. coli* or relate any of his symptoms to consumption of the salad.

Defendant objected to the exhibits attached to plaintiff's affidavit, asserting that they were not proper summary judgment evidence pursuant La. C.C.P. art. 966 A(4). Accordingly, defendant asserted that the exhibits should not be considered by the trial court and that they should be stricken from the record.

After an evidentiary hearing, the trial court granted defendant's objection and ordered that the exhibits attached to plaintiff's affidavit to be stricken from the record.[1] The trial court also granted defendant's motion for summary judgment, dismissing plaintiff's claims against defendant with prejudice. This appeal followed.

---

[1] Plaintiff did not appeal the trial court's ruling that the exhibits were stricken from the record and thus, this issue is not properly before this court. Nevertheless, upon *de novo* review, we find the trial court did not err in granting defendant's objection and striking from the record the Centers for Disease Control articles ("CDC articles") attached to plaintiff's affidavit. La. C.C.P. arts. 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. Reed v. Landry, 21-589 (La. App. 5 Cir. 06/03/22), 343 So.3d 874, 881, *citing* Dye v. LLOG Exploration Company, LLC, 20-441 (La. App. 5 Cir. 11/03/21), 330 So.3d 1222, 1224. In the instant case, although the CDC articles were attached to plaintiff's affidavit, they were not certified or authenticated. Thus, the CDC articles cannot be considered by this court or the trial court because they are not proper summary judgment evidence.

**DISCUSSION**

On appeal, plaintiff contends that the trial court erred (1) in granting summary judgment in favor of defendant because genuine issues of material fact exist; (2) by applying the wrong standard of proof for food poisoning cases; and (3) in granting summary judgment because the evidence provided by defendant in support of its motion was not admissible or relevant.

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). However, if the mover will not bear the burden of proof at trial on the issue before the trial court on the motion for summary judgment, the mover is not required to negate all essential elements of the plaintiff's claim, but is only required to point out the absence of factual support for one or more elements essential to the plaintiff's claim. Id. The burden then shifts to the plaintiff to produce factual support sufficient to show the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id.

Appellate courts review the granting of summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Crosby v. Wal-Mart Stores, Inc., 10-1015 (La. App. 5 Cir. 06/14/11), 67 So.3d 695, 696, *citing* Landreneau v. Copeland's Cheese Cake Bistro, L.L.C., 08-647 (La. App. 5 Cir. 01/13/09), 7 So.3d 703. A *de novo* review "involves examining the facts and evidence in the record, without regard or deference to the judgment of the trial court or its reasons for judgment." Allday v. Newpark Square I Office Condominium Association, Inc., 20-358 (La. App. 5 Cir. 08/18/21), 327 So.3d 566, 573, *citing* Hooper v. Hero Lands Co., 15-929 (La. App. 4 Cir. 03/30/16), 216 So.3d 965, 973-974, writ denied, 16-971 (La. 09/16/16), 206 So.3d 205. While reasons for

22-CA-156          4

judgment may be informative, they are not determinative of the legal issues to be resolved on appeal. Id. Appellate courts review judgments, not reasons for judgment, and judgments are often upheld on appeal for reasons different than those assigned by the trial court. See Wooley v. Lucksinger, 09-571, 09-584, 09-585, 09-586 (La. 04/01/11), 61 So.3d 507, 572.

In a food poisoning case, the plaintiff must prove that the deleterious condition existed in the product when it was purchased. Crosby, 67 So.3d at 697; Landreneau, 7 So.3d at 706. The plaintiff must further prove the existence of a causal relationship between the illness or injury and the consumption of the food. Landreneau, 7 So.3d at 706. In fulfilling this burden of proof, "it is not necessary for the consumer to negate every conceivable cause but he must show that it is more likely than not that the food's condition caused the injury of which he complains." Id., *citing* Griffin v. Schwegmann Bros. Giant Supermarkets, Inc., 542 So.2d 710, 712 (La. App. 4 Cir. 1989). See also, Landry v. Joey's, Inc., 18-441 (La. App. 3 Cir. 12/12/18), 261 So.3d 112, 115-116, writ denied, 19-72 (La. 03/06/19), 266 So.3d 903.

> "The courts have never compelled a plaintiff to produce an actual analysis of the food consumed in order to establish its unwholesome condition. Rather, the courts have been willing to infer the deleterious nature of the food consumed from the circumstances surrounding the illness. In all of the cases in which there has been successful recovery, the plaintiff has shown that the food was consumed by him, and that no other food which might reasonably be assumed to have caused the illness had been consumed within a number of hours before or after the consumption of the suspect product. The plaintiff has also had medical opinion to the effect that it was probable that his illness was caused by the consumption of the particular product involved. In addition, the successful plaintiffs in the above cases have been able to show some other independent circumstance, which tends to prove his case…."

Landreneau, 7 So.3d at 706, *citing* Foster v. AFC Enter., Inc., 04-1014 (La. App. 3 Cir. 03/02/05), 896 So.2d 293, 296, writ denied, 05-839 (La. 05/13/05), 902 So.2d 1027 (Citations omitted). See also, Turner v. Cajun Operating Company (of Delaware), 54,471 (La. App. 2 Cir. 05/25/22), 338 So.3d 1268, 1273, writ denied, 22-1121 (La. 11/01/22), 2022 WL 16570574. Therefore, a plaintiff cannot establish

that a food product caused an illness simply by presenting circumstantial evidence. Turner, 338 So.3d at 1273. A plaintiff must have medical evidence to prove that they suffered food poisoning and medical evidence to prove that the food poisoning was caused by the consumption or ingestion of the allegedly tainted food. Id. A mere showing that a person became sick subsequent to consumption of food, alone, is insufficient to establish a causal link for recovery. Id.

Plaintiff contends that the trial court erred in granting summary judgment when the only evidence advanced by the defendant in support of its motion for summary judgment was testimony provided by Dr. Langley. Plaintiff argues that because Dr. Langley was a supervising physician who did not examine plaintiff, his deposition testimony was not based on personal knowledge, citing McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308, 310 (La. App. 2 Cir. 1984).

A review of the record shows that defendant submitted Dr. Langley's deposition and plaintiff's deposition in support of its motion for summary judgment. Although plaintiff initially objected to Dr. Langley's deposition testimony in his opposition memorandum, plaintiff did not object to Dr. Langley's deposition at the evidentiary hearing on defendant's motion for summary judgment. When defendant offered all of its exhibits into evidence, counsel for plaintiff stated he did not object. The trial court questioned plaintiff's counsel about plaintiff's objection to Dr. Langley's deposition testimony in his opposition. Plaintiff's counsel stated he was not objecting to the deposition's admissibility, he was objecting to the "weight" the testimony should be given. The trial court then inquired whether plaintiff was withdrawing his objection to Dr. Langley's deposition testimony, to which plaintiff's counsel replied, "That's correct, Judge."

Nevertheless, on *de novo* review, this court reviews whether evidence submitted in support of or in opposition to a motion for summary judgment is proper

summary judgment evidence. La. C.C.P. art. 966 A(4) provides the exclusive list of documents which may be considered by the trial or reviewing courts:

> A. (4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, ***depositions***, answers to interrogatories, certified medical records, written stipulations, and admissions. [Emphasis added]

Thus, the introduction of documents which are not included in this exclusive list, such as photographs, pictures, video images, or contracts, is not permitted unless they are properly authenticated by an affidavit or the deposition to which they are attached. Reed, 343 So.3d at 881; Dye, 330 So.3d at 1224.

In Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La. 02/29/00), 755 So.2d 226, 235, the Louisiana Supreme Court held that expert opinion testimony in the form of an affidavit or deposition can be considered on a motion for summary judgment. An expert is allowed wide latitude to offer opinions, including those not based on firsthand knowledge or observation. Id. at 234; La. C.E. arts. 702 and 703. A trial court's decision to admit or exclude expert opinion evidence at a motion for summary judgment hearing is reviewed under the abuse of discretion standard. MSOF Corp. v. Exxon Corp., 04-988 (La. App. 1 Cir. 12/22/05), 934 So.2d 708, 717, writ denied, 06-1669 (La. 10/06/06), 938 So.2d 78; La. C.E. art. 702. Upon *de novo* review, we find that the trial court did not err in admitting and considering Dr. Langley's expert deposition testimony and plaintiff's deposition testimony in support of defendant's motion for summary judgment.

In this case, defendant satisfied its burden by pointing out an absence of any proof of an essential element of plaintiff's claim, *i.e.*, a lack of expert medical evidence to show that plaintiff's alleged food poisoning was caused by his consumption of the Wendy's salad. In his deposition, plaintiff was asked if he was informed by any doctor or expert that the lettuce or any part of the salad was contaminated. Plaintiff replied, "Not a medical physician, no. It would only come

from me." He was further questioned as to whether any doctor or expert told him that his symptoms were related to the consumption of the salad he purchased from Wendy's. Plaintiff responded, "I would have to say no." In his deposition, Dr. Langley testified that he could not associate a "gritty" taste or seeing a bug in the salad with food poisoning. He further testified that it was his opinion that plaintiff's treatment and symptoms were not related to the consumption of the salad.

The burden then shifted to plaintiff to produce evidence sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. Plaintiff's exhibits in opposition, including his expert's affidavit, are insufficient to defeat defendant's motion for summary judgment. Plaintiff admitted in his deposition testimony that he was not told by any medical physician that his symptoms were related to his consumption of the salad. He also acknowledged that he did not have any evidence, other than his own testimony, that the consumption of one bite of the Wendy's side salad caused his alleged food poisoning. Moreover, plaintiff's expert, Dr. Lee, stated only that plaintiff's gastroenteritis was "more consistent" with *E. coli*, not that plaintiff's consumption of the salad caused his alleged food poisoning.

Absent testimony or evidence from a medical expert or healthcare provider regarding the probability that the consumption of one bite of the Wendy's Caesar side salad caused plaintiff's alleged food poisoning, plaintiff did not establish he could satisfy his burden at trial. Therefore, upon *de novo* review of the record, we find no genuine issues of material fact exist and defendant is entitled to judgment as a matter of law. Accordingly, the trial court did not err in granting the motion for summary judgment.

**DECREE**

For the reasons stated herein, the trial court's October 27, 2021 judgment is affirmed.

**AFFIRMED**

22-CA-156                                              8

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 7, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-156

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
DAVID C. PELLEGRIN, JR. (APPELLANT)          DEAN M. ARRUEBARRENA (APPELLEE)

**MAILED**
LOUIS P. BONNAFFONS (APPELLEE)
MEGAN A. HAYNES (APPELLEE)
MISHA M. LOGAN (APPELLEE)
ROBERT L. BONNAFFONS (APPELLEE)
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 1700
NEW ORLEANS, LA 70163